### ROWLAND et al. v. BARTLETT et al.

HILL, J. Under the facts alleged in plaintiff's petition, which were accepted as true by the trial judge at the interlocutory hearing, it was not error to refuse an interlocutory injunction. If the judgment against the plaintiff, Rowland, was proceeding illegally against him for the reason that he had never been served with a copy of the petition and process in the suit against him in the city court of Atlanta, in which judgment was obtained against him, and on which execution was issued and levied on his property, which levy is now sought to be enjoined, he would have an adequate remedy at law by affidavit of illegality. Civil Code (1910), § 5311. There is nothing in the petition alleging that the defendants, or either of them, were insolvent, or that plaintiffs were for any cause remediless unless an injunction should be granted.

*Judgment affirmed. All the Justices concur, except Gilbert, J., absent for providential cause.*

No. 4780. JUNE 19, 1925. REHEARING DENIED JULY 18, 1925.

Petition for injunction. Before Judge Irwin. Douglas superior court. December 19, 1924.

W. T. Rowland and J. T. Matthews brought an equitable petition in Douglas superior court against A. L. Bartlett, a resident of Paulding County, A. S. Baggett as sheriff of Douglas County, and J. F. Cook and Andrew Cook, of Douglas County, and alleged in substance the following: W. T. Rowland about the year 1913 owned 150 acres of land in the first district and fifth section of Douglas County. About the year 1918 he came into possession

and ownership of 75 acres of land of lot No. 87, and 50 acres of lot No. 102, in the 1st district and 5th section. In 1913 Rowland got A. L. Bartlett to purchase the 150 acres above mentioned at an administrator's sale and to hold the same to secure the repayment of the amount of purchase-money which he paid for it, and Bartlett made plaintiff a bond for title, obligating himself to convey to plaintiff the 150 acres of land on payment of the sum of $1435 and accrued interest. In 1918 plaintiff got A. L. Bartlett to pay Harriet L. Abercrombie, sister in law of plaintiff, about $1100 for the purchase of 25 acres of land of land lot 87, and 50 acres of lot 102, and the executor of her will (Jud Broom) made a loan deed to A. L. Bartlett to secure payment of the money thus advanced to plaintiff, and bond for title to convey the land to him on the payment of the principal sum of $1100 and accrued interest. In or about the year 1920 plaintiff borrowed from A. L. Bartlett the sum of $618, and to secure the payment of the same executed to him a loan deed to 75 acres of land lot 87 in the 1st district and 5th section of Douglas County, and Bartlett executed to plaintiff a bond for title to reconvey this land upon payment of the amount loaned, with accrued interest. About the year 1915 plaintiff paid to Bartlett all of the principal and interest due on the sum of $1435, except about $500. From that time the plaintiff made other payments to Bartlett, amounting to about $300, before borrowing from said defendant again. After plaintiff had obtained a subsequent loan from Bartlett about the year 1920, he paid to him the sum of $100. Owing to the fact that Bartlett has possession of all the deeds, bonds, notes, and other papers of plaintiff, he is unable to state positively or accurately the amount he owes A. L. Bartlett at this time. On February 4, 1920, with the knowledge and consent of A. L. Bartlett, plaintiff sold the lands aforesaid to J. F. and Andrew Cook for the sum of $15,000. This sale was evidenced by $4,000 cash paid, and eleven notes of varying amounts due December 1, 1920, and December 1 of each succeeding year until 1930, for the balance of the purchase-price. Plaintiff about the latter part of 1920 borrowed from J. T. Matthews, one of the plaintiffs in this case, the sum of $220, giving Matthews a note for this amount, and deposited with him a note for $1770 signed by J. F. and Andrew Cook, which they had given in part payment of the land. When the first three notes of the

eleven notes given by the Cooks fell due, under the conditions of the notes plaintiff exercised the power reserved to him in the notes to declare all of them due, and so notified J. F. and Andrew Cook. A few days prior to February 22, 1922, Rowland employed A. L. Bartlett and J. S. James as his attorneys at law, and placed in their hands the eleven notes against J. F. and Andrew Cook for collection. On February 22, 1922, they brought suit on these notes in Douglas superior court, both of these attorneys signing the petition as attorneys for W. T. Rowland. On the hearing of this suit on September 22, 1923, a verdict and judgment was entered in favor of W. T. Rowland against J. F. and Andrew Cook for the sum of $12,411.68 principal, $306.14 interest, and $1270 attorney's fees. Both the verdict and judgment are in the handwriting of A. L. Bartlett.

On October 17, 1922, the defendant, Bartlett, "claims to have filed a suit against W. T. Rowland, petitioner, in the city court of Atlanta, in which he claims a balance due him of $2570.42 principal, $533.83 interest, and $312.42 attorney's fees, and that on January 18, 1923, he obtained a claimed judgment in said city court against W. T. Rowland, petitioner, for the several amounts above set out, and that a fi. fa. was issued from said judgment was transferred to Douglas County, and has been levied by L. Bartlett, deputy sheriff of Douglas County on the following property: 101-¼ acres in the west half of land lot 102, 101-¼ acres in the east half of land lot 87, 101-¼ acres in the east half of land lot 88, and all of said land lying and being in the 1st district and 5th section of now Douglas County, and same has been turned over to A. S. Baggett, sheriff, one of the defendants in this bill, and he has had said property advertised for sale on the 1st Tuesday in November, 1924." W. T. Rowland denies that he was ever served with process in the suit of A. L. Bartlett against him in the city court of Atlanta, and denies that he ever authorized any person to acknowledge service on said suit for him; he also denies ever having knowingly acknowledged service in said suit at any time or place, and if his name appears on any paper of said suit, acknowledging service, he charges and alleges that it was induced and obtained by Bartlett by his false representation as to the paper signed. Plaintiff "has not had his day in court," and the fi. fa. is proceeding against him illegally. The relation between W. T.

Rowland and A. L. Bartlett was that of attorney and client, exist-
ing for a long time, and W. T. Rowland had the utmost confidence
and trust in him in all matters referred to in this petition, and by
reason of this relation he turned over to A. L. Bartlett all of his
deeds and other papers concerning the land aforesaid, as well as
having employed him in connection with J. S. James for the col-
lection of the notes due by the Cooks. Plaintiff turned over these
notes to A. L. Bartlett, his attorney, under an agreement between
them that when Bartlett had collected any money due on these
notes he was to pay whatever indebtedness, principal and interest,
that plaintiff owed him, also the amount plaintiff owed J. T.
Matthews, to wit, $220 and interest, and also to pay the Douglas-
ville Banking Co. the sum of $600 and interest due it by plain-
tiff; and after these sums had been paid, Bartlett was to com-
pensate himself and J. S. James, his attorneys, by retaining ten
per cent. of the amount collected for attorney's fees, and then
pay over the balance to the plaintiff. Bartlett has totally failed
to press the collection of the judgment which plaintiff obtained
against the Cooks, and to make any effort whatsoever to see that
proper judgment was collected. In fact he has failed to do any
of the things that he agreed to do. He has "betrayed the trust
imposed in him, and has entered into some kind of arrangement
with said Cooks whereby he claims to have taken possession of the
lands aforesaid, and has sold them, as plaintiff is informed and
believes, to said J. F. and A. V. Cook and has given them bond for
title to same." Bartlett has taken actual possession of the lands,
and, notwithstanding he has bargained the same to the Cooks, he is
receiving the rents and profits from the lands, amounting to $600
or $700 per year, and neither he nor the Cooks have accounted to
plaintiff for any sum of money whatever, nor does plaintiff know
accurately how much money Bartlett has received. Instead of
dealing fairly and honestly with plaintiff in the application of the
money to pay the debts aforesaid, Bartlett has placed himself in
the position of collecting plaintiff's debts out of the Cooks, and
is doing everything in his power to prevent the collection of the
debt due plaintiff by the Cooks, and the application of the same
to the debts owing by petitioner.

Bartlett is practicing and carrying out a legal fraud on plaintiff
and his other creditors, viz., J. T. Matthews and the Douglasville

Banking Co. Plaintiff charges and believes that all of the acts and conduct of Bartlett originated in a purpose to deceive him, and are the outgrowth of a fraudulent intent to defraud him from the beginning, and to convert to his own use plaintiff's property and money to which he is justly entitled. "A. L. Bartlett, by his trickery and deceit and practice of frauds aforesaid, has obtained an unconscionable advantage of these petitioners, and is using same without proper regard for justice and equity due to these plaintiffs, and they are without complete and adequate remedy at law, and are compelled by facts and circumstances hereinbefore detailed and set forth to petition the court on the equity side of same." J. T. Matthews, one of the plaintiffs, agrees to all of the foregoing allegations, and also alleges that he loaned to W. T. Rowland $220, and that the latter turned over a note amounting to $1700 which was given as a purchase-money note by the Cooks on the land to J. T. Matthews as collateral security for the payment of the debt of $220 against Rowland, and that Matthews has since reduced this claim to judgment. Matthews further alleges that there is a conspiracy against him by the defendants, Bartlett and J. F. and A. V. Cook, to defraud him out of the money that W. T. Rowland owes him, by disposing of the land for which his note was given as a part of the purchase-money; and that this plaintiff is without an adequate and complete remedy at law. This suit is brought to avoid a multiplicity of suits concerning the same subject-matter; wherefore the plaintiffs pray that an injunction be granted against A. L. Bartlett, A. S. Baggett and J. F. and A. V. Cook, restraining A. S. Baggett and Bartlett from selling the property which they have advertised, and enjoining the Cooks from paying any money to Bartlett or the sheriff; that Bartlett be required to make a complete accounting with plaintiffs of all payments made to him on his loan debts, and also all moneys or cotton or other property received by him from the Cooks; and that "if the said Bartlett has made a sale evidenced by a bond for title or other paper to said Cooks, that the same be delivered into court and be cancelled by a decree of court as a cloud on the title of W. T. Rowland; that said A. L. Bartlett be required to perform his professional duties and obligations to said W. T. Rowland, by enforcement of his judgment against said Cooks and the lands aforesaid in accordance with their contract, and account to Row-

land for whatever money or property he has received from said Cooks, and to pay over to plaintiff any balance in accordance with their contract." At the interlocutory hearing the trial judge directed that the petition be read, and did not require the defendants, who were present in court by their attorney, to answer the petition or to produce the papers which they had been notified to produce, and, without hearing any evidence by the plaintiffs or defendants, either documentary or oral, stated that he would take all of the allegations in the petition as being true, and thereupon held that the plaintiffs were not entitled to have an injunction, and that they had a full, adequate, and complete remedy at law. To this judgment the plaintiffs excepted.

*W. A. James, J. S. James,* and *J. R. Hutcheson,* for plaintiffs.

*C. B. McGarity,* for defendants.